LARRY L. BAUMBACH (State Bar No. 50086)
LAW OFFICES OF LARRY L. BAUMBACH
2531 Forest Avenue, Suite 100
Chico, CA 95928
Telephone: 530-891-6222
Fax: 530-852-3969
Email: llblaw@sandpipernet.com

Attorney for Plaintiff
ANTONIO VALENICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO VALENICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BUMGARNER LOGGING, INC; SIERRA PACIFIC INUDUSTRIES, INC DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT<br><br>Jury Trial Demanded<br><br>Punitive Damages Demanded |

Comes now Plaintiff ANTONIO VALENCIA, who alleges and complains as follows on information and belief, and who prays for relief from the court.

**PARTIES**

1. 1.Defendant Bumgarner Logging Corporation (hereafter "B.L.I.") is a corporation and resident of the State of Oregon. Jeremy Bumgarner is a sole shareowner and C.E.O. of B.L.I. and was at all times relevant to this Complaint, the direct supervisor of Plaintiff Antonio Valencia. Bumgarner Logging, Inc. is a business entity and corporation with its principal place of business located in Oregon and California. Its principal place of business in California is located at 6683 High Valley Rd. Anderson CA 96007. Sierra Pacific Industries,

Inc (hereafter "S.P.I") has its principal place of business in Redding, California, at the address known as P.O. Box 496028, Redding, California, 96049.

2. Plaintiff Antonio Valencia (hereafter "VALENCIA" or "PLAINTIFF") is an adult individual residing in California. At al; times relevant to this Complaint, VALENCIA was an employee. VALENCIA is a person of Mexican descent and is primarily a Spanish speaker with some ability to speak and understand English.

3. Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every Defendant was acting as an agent and/or employee or joint venture of each of the other Defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment and/or joint venture with the full knowledge, permission, and consent of each of the other Defendants. In addition, each of the acts and/or omissions of each Defendant alleged herein were made known to and ratified by each of the other defendants.

4. Defendants, and each of them, were engaged in a common enterprise for which all have joint and several liabilities to the extent permitted or mandated by law.

## JURISDICTION AND VENUE

5. Jurisdiction exists via diversity of citizenship because Defendant Bumgarner Logging, Inc. is an Oregon Cooperation, and the central place of operation is in Oregon state. Defendant Sierra Pacific Industries, Inc is a California corporation.

6. Complete diversity exists on information and belief; at the time of the filing of this Complaint, Plaintiff was and still is a resident of California. He is domiciled in California for the purposes of diversity. A corporation is a citizen of the state under whose laws it is organized or incorporated and the state of its principal place of business Davis v HSBC Bank Nevada N.A., 557 F.3d 1026, 1028 (9th Cor. 2009); 28 U.S.C. Sec 1332 (c). A corporations' "Principal Place of Business" under the Federal Diversity Jurisdiction 28 U.S.C. § 1332(c)(1)

refers to a corporation's "nerve center" or "the place where the corporation's highest level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80 2010 case "The nerve center will normally be the place where the corporation maintains its headquarters." et at 93 Bumgarner Logging, Inc, at the time of this action, was commenced was, and still is, a corporation organized and existing under the laws of the state of Oregon. Bumgarner Logging, Inc has its offices and control and coordinate the corporation activities from Oregon.

7. The Complaint also names defendants DOES 1 through 50. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the "Does" defendants are disregarded for diversity purposes. Thus, complete diversity exists between the parties.

8. From the face of the Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. Plaintiff's Complaint seeks compensatory damages, including back pay, reimbursement for out-of-pocket expenses, fringe benefits, employment opportunities, medical expenses, and damages for ongoing emotional distress. Plaintiff also seeks attorney fees and punitive damages.

9. The court has supplemental jurisdictions over any and all state law allegations in this Complaint because they are factually related to the issues between the parties.

10. VALENCIA has exhausted all applicable pre-litigation administrative remedies related to his claim and this Complaint.

11. Plaintiff has obtained a Right to Sue letter from the Department of Fair Employment and Housing (hereafter "DFEH") related to this matter.

## SUMMARY OF THE CASE

12. VALENCIA was a non-exempt employee of Bumgarner Logging, Inc (hereafter "B.L.I.") BUMGARNER is B.L.I. managing agent and was VALENCIA's immediate supervisor. VALENCIA was not paid for all hours that he works and was not paid overtime that was due to him triggering a violation of the Fair Labor Standards Act and of the California Labor Code related to the nonpayment of wages and overtime, meal/rest period violations, and paystub/recording-keeping violations. In addition, VALENCIA was subjected to disability discrimination, harassment, and retaliation. VALENCIA was fired because he suffered an on-the-job injury and was off work recuperating from said injury.

## GENERAL FACTUAL ALLEGATIONS

13. Exhibit 1 hereto is a true and correct copy of the VALENCIA Right to Sue Letter from the California Department of Fair Employment and Housing. It is incorporated here by reference as though fully set forth.

14. Plaintiff Valencia demanded copies of his personnel file pursuant to California Labor code § 1198.5 but was denied access to said file implementing the penalties of $750 per denial.

15. VALENCIA was an employee of B.L.I approximately from 2014 until July 22, 2020.

16. At all relevant times, VALENCIA was employed as a logging supervisor, crew transport driver, equipment maintenance person, and a banking messenger on behalf of the corporation. Plaintiff VALENCIA was a non-exempt employee for the purposes of FLSA and the Cal. Labor Code. Plaintiff VALENCIA generally worked from 1:30 a.m. to 10:00 p.m. at least five days per week.

17. VALENCIA was generally not provided with an uninterrupted lunch/meal break of at least 30 minutes, during which he was relieved of all duty.

18. Under California Labor Code, VALENCIA should have been compensated for 8 hours per day of regular time, plus 6-10 hours of overtime.

19. Under FLSA, VALENCIA should have been compensated for at least 2.5 hours of overtime for each week since he worked at least 42 hours per week when accounting for the lack of meal periods discussed herein.

20. Valencia also performed the crew transportation duties associated with the logging operation of Defendant. Each morning plaintiff was required to arise and be on the road by 1:30 a.m., whereupon he was required to pick up all members of the crew and transport them to the job site some three hours away. Each evening following the completion of the workday, he was required to transport each of the crew back to their residence, drop them off, and return to his own home, whereupon he was required to gas up the vehicle and tanks hauling diesel for the equipment on the job site and then to charge the radio equipment during the night while at the same time attempting to attain rest. This activity was carried on for a period of one and one-half years, ending with B.L.I.'S notice of employment termination.

21. Defendant B.L.I. treated other employees similarly by requiring them to work through lunch without paying them overtime, the agreed-on wage, or minimum wage.

22. B.L.I. did not provide a suitable area for rest or meal periods at its job locations as required by Cal. Labor Code and related wage orders. B.L.I. did not provide any shelter rest areas with seating and temperature control or any other form of suitable rest areas.

23. B.L.I. regularly did not provide VALENCIA and other employees an opportunity to take their 10 minute rest periods as required by the Cal. Labor Code and related wage orders.

24. B.L.I. did not pay VALENCIA or similarly situated employees any statutory wages as required by the Cal. Labor Code and related wage orders.

25. B.L.I. did not accurately report all hours worked, wages due, and categories of earnings, and applicable wage rates on the paystubs for VALENCIA and similarly situated employees.

26. B.L.I. did not pay VALENCIA all wages at the time of termination and still has not done so because B.L.I. has never paid for hours worked "off the clock" as alleged herein and has never paid statutory wages due as alleged herein. This also true for similarly situated employees

27. B.L.I. and BUMGARNER terminated VALENCIA when VALENCIA took days off to recuperate from on-the-job injuries, which BUMGARNER did not report to Workers' Compensation insurance and when VALENCIA took a day off to attend memorial services for his father who had just passed away.

28. A substantial motivating factor in B.L.I.'s decision to terminate VALENCIA was that VALENCIA complained about the working conditions and the extensive demands B.L.I. made upon his time, including all of his waking hours and his sleeping time.

## FIRST COUNT

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA'S LABOR CODE § 1182.12, 1194, 1194.2, 1197, Wage Order No. 4 § 5 (A)

29. Valencia, as part of his employment duties, was required to arise each workday morning at 1:30 a.m., load up the company truck and go to the home of each crew member and transport the entire crew to the worksite, which was approximately three hours away.

30. At the end of every workday, VALENCIA was required to transport all crew members back to their residence, and after the last crew member was offloaded, VALENCIA was required to fuel the truck and all of the empty fuel tanks on the truck which were used to fuel the site equipment.

31. Once VALENCIA arrived at his personal residence, he was required to offload the radios and chargers and attend the recharging of the radios during the nighttime hours so that the radios would be fully charged the following day. The duties interfered with VALENCIA sleep and left him tired and exhausted.

32. During the course of his activities as the site foreman, VALENCIA was struck by a log that propelled him through the air injuring him. VALENCIA requested transportation to a medical care provider and was denied the request and told by Defendant BUMGARNER that he would necessarily transport himself if he wanted medical attention.

33. After receiving medical attention, VALENCIA took time off to recuperate from his injuries.

34. Upon returning from his recuperation, VALENCIA was criticized for having taken time off that interfered with the progress of the job.

35. Shortly after returning from recuperation leave, VALENCIA's father passed away, and VALENCIA took a day off to attend memorial services for his father. When VALENCIA announced that he was taking time off to attend his father's memorial, Defendant BUMGARNER advised that he would call him back when he needed him. DEFENDANT Bumgarner never called VALENCIA back.

36. As a direct and proximate result of being injured on the job, taking leave to attend his father's memorial, and recuperating from injuries, VALENCIA's employment was terminated.

## SECOND COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207

**(By Plaintiff against B.L.I.)**

37. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

38. B.L.I. failed to pay PLAINTIFF for hours worked in excess of forty hours per week as required by California Labor Code at the rate of one and one-half their regular rates of pay.

39. PLAINTIFF prays for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney fees, and cost of litigation, and such other relief as the court may see fit to award.

40. Plaintiff seeks recovery for B.L.I. conduct for the two years preceding the filing of the Complaint in this matter.

## THIRD COUNT

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1194.2, 1197, and Wage Order No. 4 § 5 (A)

## (BY PLAINTIFF AGAINST B.L.I.)

41. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42. B.L.I. failed to pay PLAINTIFF minimum wage for all hours worked for B.L.I. in the course of transporting crew members and equipment and fuel to the job site, PLAINTIFF was not compensated for six-plus hours worked each day but instead was paid twenty dollars for each round trip.

43. PLAINTIFF prays for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney fees, and costs of litigation, and such other relief as the court may see fit to award.

44. PLAINTIFF seeks recovery from B.L.I.'s conduct for the two years preceding the filing of the Complaint in this matter.

## FOURTH COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 510, 1194, and Wage Order No. 4 § 3(A)

**(Plaintiff against B.L.I.)**

45. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

46. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. (California Labor Code § 510 and Applicable I.W.C. Wage Order).

47. PLAINTIFF is informed and believes, and based thereon alleges, that during all times relevant to this action, PLAINTIFF worked more than 8 hours per workday on numerous occasions and/or more than 40 hours per workweek, and/or performed work on the seventh consecutive day of working in an amount to be proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

48. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorney's fees, and costs in an amount to be determined at trial.

## FIFTH COUNT

## VIOLATION OF CALIFORNIA LABOR CODE § 203

## (FAILURE TO PAY FINAL WAGES)

## (BY PLAINTIFF AGAINST B.L.I.)

49. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

50. B.L.I.. willfully failed to pay PLAINTIFF all wages due at the time of his termination.

51. PLAINTIFF, therefore, seeks damages and penalties as available at law for failure to pay final wages in full, including but not limited to those provided by California Labor Code § 203.

## SIXTH COUNT

## VIOLATION OF CALIFORNIA LABOR CODE § 1199 and WAGE ORDER 4

## (FAILURE TO PAY STATUTORY WAGES)

## (BY PLAINTIFF AGAINST B.L.I.)

52. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

53. B.L.I. failed to pay statuary wages due to PLAINTIFF on account of the meal period and rest period allegations alleged herein.

54. PLAINTIFF was entitled to one hour of statutory wages for each and every day in which he was not provided an unpaid meal period of at least 30 minutes in which he was relieved of all duty in a suitable meal/rest area.

55. PLAINTIFF was entitled to one hour of statutory wages for each and every day, and he was not provided an opportunity to take each and every paid rest period of at least 10 minutes, ten net minutes in which he was relieved of all duties in a suitable rest area.

56. Due to the fact that B.L.I. did not provide any suitable rest or meal area during PLAINTIFF's period of employment, PLAINTIFF is entitled to an award of two hours of statutory wages for each day he reported to work because the lack of a suitable rest area rendered each meal and or rest period non-compliant with the applicable wage order.

57. PLAINTIFF, therefore, seeks statutory wages for each such violation and attorney fees and cost as provided by statute and regulation.

## SEVENTH COUNT

## VIOLATION OF CALIFORNIA LABOR CODE § 2802

### (FAILURE TO REIMBURSE EXPENSES)

### (BY PLAINTIFF AGAINST B.L.I.)

58. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

59. B.L.I. required PLAINTIFF to make use of his own residence for the storage of company equipment and for the charging of phones and communication devices each and every night prior to the next day's work.

60. B.L.I. did not reimburse PLAINTIFF for any portion of the cost for the use of his residence for company business.

61. PLAINTIFF, therefore, seeks reimbursement for such portion of his expenses as may be appropriately payable by B.L.I. pursuant to California Labor Code § 2802, along with any attorney fees or cost per statute.

## EIGHTH COUNT

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

## (RETALIATION-CACI 2505)

## (BY PLAINTIFF AGAINST B.L.I.)

62. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

63. VALENCIA was an employee of B.L.I. and engaged in the protected activities alleged herein, including but not limited to exercising the right to take takes days off to recuperate for on-the-job injuries and his right to be given grief days to attend the memorial for his deceased father.

64. B.L.I. terminated VALENCIA's employment.

65. VALENCIAS' protected activities alleged herein were a substantial motivating reason for B.L.I.'s termination of his employment.

66. As a direct and proximate result, VALENCIA was injured and suffered attendant damages.

67. VALENCIA is entitled to economic damages, non-economic damages, attorney fees, and the cost of litigation pursuant to statute.

68. Further, VALENCIA is entitled to an award of punitive damages. For a summary of California law as this damage, see CACI 3945 (concerning punitive damage award against entities). Specifically:

   a. BUMGARNER was a managing agent for B.L.I. because, *inter alia*, he was an owner of the business and directed long term and short term activities of the company and

was the ultimate supervisor of all employees with no supervisor above him within the structure of B.L.I.

    b. BUMGARNER acted with "malice" in that conduct in terminating VALENCIA was despicable and done with willful and knowing disregard for VALENCIAs' rights. BUMGARNER was aware that VALENCIA was injured on the job and required recuperation from his injuries. BUMGARNER was aware that it was unlawful to fire an employee for suffering an on-the-job injury and to take time to recuperate. BUMGARNER was aware that VALENCIA had a right to work without being fired for being injured on the job. BUMGARNER was aware that VALENCIA had a right to work without being subjected to requirements forcing him to work without pay, forcing him to work without accommodations for his on-the-job injuries, forcing him to work without the right to attend funeral services for his own father.

    c. BUMGARNER conduct was done with "oppression" in that his conduct was despicable, as discussed above, and it subjected VALENCIA to cruel and unjust hardship, including but not limited to loss of employment in a labor market in which it would be all but impossible to obtain new employment, particularly in logging field in which business requires access to co-defendant S.P.I. which controlled access to the forests where harvesting took place. As alleged herein, BUMGARNER took this action in knowing disregard of VALENCIAs' rights.

## NINTH COUNT

69. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

70. At all times mentioned herein, B.L.I. and Defendant Sierra Pacific Industries, Inc were in a contractual relationship for B.L.I. to harvest trees growing on S.P.I.'S property. As a part of the contractual agreement, Sierra Pacific Industries Inc required B.L.I. to obey all labor laws, especially those labor laws pertaining to the compensation of employees of B.L.I.

71. During the course of B.L.I.'s execution of the harvesting contract with Sierra Pacific Industries Inc, Sierra Pacific Industries Inc became aware that B.L.I. was engaging in what constituted as labor code violation and exploitation of human labor amounting to slavery. By both contract and by law Sierra Pacific Industries Inc. owed a duty to protected laborers working in its forest from exploitation in forms amounting to slavery.

72. Sierra Pacific Industries Inc, despite its duty to VALENCIA, failed and refused to perform its duty to protect laborers such as VALENCIA from exploitation. In fact, Sierra Pacific Industries, Inc was fully aware that B.L.I.'s use of exploited labor enhanced Sierra Pacific Industries Inc.'s profits that Sierra Pacific Industries Inc. ignored the labor violations to its own benefit. In so doing, Sierra Pacific Industries Inc. engaged in oppression and malice toward VALENCIA and its rights, leaving VALENCIA without the protection of the law. Sierra Pacific Industries Inc. is therefore subject to punitive damages as well as general and special damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For economic damages according to proof;
2. For non-economic damages according to proof;
3. For penalties as provided by statute according to proof;
4. For punitive damages according to proof as to claims under the Fair Employment and Housing Act;

5. For attorney's fees as permitted by statute;

6. For the cost of the suit.

7. For such other and further relief as the court deems proper.

8. In keeping with due process rights, Plaintiff provides a demand for $499,000 in damages (four hundred ninety-nine thousand dollars), with the understanding that proof may cause this number to increase or decrease at trial and that this damage amount is provided as the maximum amount that may be requested in default judgment proceeding should Defendant (s) fail to file responsive pleadings or otherwise enter default.

Dated: 7-14-2021

LAW OFFICES OF LARRY L. BAUMBACH

By: /s/ LLBau

LARRY L. BAUMBACH
Attorney for Plaintiff

-15-
COMPLAINT